IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

AMERICAN STATES INSURANCE　　　　　　　　　Civil No. 00-6058-HO
COMPANY, et al.,
　　　　　　　　　　　　　　　　　　　　　　ORDER
　　　　　　Plaintiffs,

　　　　　　v.

DASTAR CORPORATION, et al.,

　　　　　　Defendants.

　　　The parties filed cross motions for partial summary judgment on their claims based on plaintiff-insurers' alleged breach of duties to indemnify defendant-insureds.  Plaintiffs also filed a motion to strike defendants' second and third affirmative defenses and fifth counterclaim/alternative motion for summary judgment on fifth counterclaim.  For the reasons that follow, plaintiffs have no duty to indemnify defendants for liability resulting from judgments entered in <u>Twentieth Century Fox v.</u>

Dastar, Civil No. 98-7189 (C.D. Cal.).  Plaintiffs' motion for partial summary judgment is therefore granted, defendants' motion for partial summary judgment is denied, and plaintiffs' motion to strike/alternative motion for summary judgment is denied as moot.

## Undisputed Material Facts

Twentieth Century Fox Film Corporation, SFM Entertainment LLC, and Newline Home Video, Inc. (collectively "Twentieth Century Fox") filed a lawsuit in the United States District Court for the Central District of California against Dastar Corporation, Entertainment Distributing and Marathon Music and Video (collectively, "Dastar").  The district court in that case granted Twentieth Century Fox's motion for summary judgment and subsequently entered judgments requiring Dastar to pay Twentieth Century Fox damages under the Copyright Act and attorneys' fees and costs.

A commercial general liability (CGL) insurance policy issued by plaintiff American Economy Insurance Company and a commercial umbrella liability insurance policy issued by plaintiff American States Insurance Company provide substantially similar coverage for advertising injury.  The CGL policy provides, "We will pay those sums that the insured becomes legally obligated to pay . . . because of 'advertising injury' . . ."  Advertising injury "means injury arising out of . . . [inter alia, infringement of copyright] . . . committed in the course of advertising your

2 - ORDER

goods, products or services. . ."  Pls' CSMF, ex. 9 at 1, 4.  The policies exclude coverage for advertising injury arising out of an offense committed by an insured whose business is publishing, or the willful violation of a penal statute by or with consent of an insured.  Pls' CSMF, exs. 8 at 4, 9 at 2-3.

## Discussion

Summary judgment is appropriate if there are no disputed issues of material fact and the moving party is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56.  "[F]acts proved at trial on which liability is established may give rise to a duty to indemnify if the insured's conduct is covered."  Ledford v. Gutoski, 877 P.2d 80, 84 (Or. 1994).

Dastar contends that facts proved in Twentieth Century Fox establish that Twentieth Century Fox was injured by copyright infringement committed by Dastar in the course of advertising.  Specifically, Dastar contends that it committed copyright infringement in the course of advertising activity by selling its videocassette series under the title Campaigns in Europe, and by using the title Crusade in Europe on the packaging for Campaigns in Europe.  Plaintiffs dispute that Dastar's copyright infringement occurred in the course of advertising, and further argue that the exclusions for publishing activities and willful violation of a penal statute also defeat Dastar's claim for coverage.  The parties agree that "advertising" is not defined in

the policies, is ambiguous, and should be construed broadly in favor of coverage. See United States Fidelity & Guar. Co. v. Star Technologies, Inc., 935 F. Supp. 1110 (D. Or. 1996).

The favorable construction of "advertising," does not assist Dastar. The sale of infringing material is not copyright infringement in the course of advertising. See Order dated July 26, 2000 at 9-11 (citing to Simply Fresh Fruit, Inc. v. Continental Ins. Co., 94 F.3d 1219, 1221 (9th Cir. 1996) and Star Technologies, 935 F. Supp. at 1116-17). Sales may result from advertising activities, but sales are not the same thing as advertising. Dastar's use of the title Crusade in Europe on packaging for Campaigns in Europe does not violate the Copyright Act. See Orders dated October 13, 2005 at 10 and March 2, 2005 at 5 (citing to 2 McCarthy on Trademarks and Unfair Competition § 10:34 (4th ed.); see also 1-2 Nimmer on Copyright, § 2.6 (2005). Findings and holdings in Twentieth Century Fox do not contradict this analysis.

As a matter of law, Dastar cannot establish coverage. The court therefore need not consider plaintiffs' remaining arguments that the exclusions also defeat coverage[1] or plaintiffs' motion to strike/alternative motion for summary judgment. Plaintiffs have no duty to indemnify Dastar for liability resulting from

---

[1] The court previously rejected plaintiffs' argument that publishing business exclusions precluded coverage. Order dated July 26, 2000 at 13.

4 - ORDER

judgments entered in <u>Twentieth Century Fox v. Dastar</u>, Civil No. 98-7189 (C.D. Cal.).

<u>Conclusion</u>

Based on the foregoing, plaintiffs' motion for partial summary judgment [#116] is granted; defendants' motion for partial summary judgment [#117] is denied; plaintiffs' motion to strike/alternative motion for summary judgment [#130] is denied as moot.  Counsel for plaintiffs shall submit a proposed form of judgment approved as to form by counsel for defendant.

IT IS SO ORDERED.

DATED this  25th  day of May, 2006.


                                           s/ Michael R. Hogan
                                    United States District Judge